No. 21-0004, *Diane Sigismondi Judy v. Eastern West Virginia Community and Technical College*

**ARMSTEAD, concurring, in part, and dissenting, in part:**

I concur in the judgment of the Court finding that Respondent Eastern West Virginia Community and Technical College was not entitled to qualified immunity and Petitioner made a prima facie case of employment discrimination. I dissent, however, from the majority opinion to the extent that it goes beyond what is necessary to resolve this matter in finding that the complaint below would have satisfied "heightened pleading," had such requirement been implicated. This Court has tightened the "heightened pleading" standard in such cases and plaintiffs must be held to such standard. This Court has recently stated that:

> *We believe that in civil actions where immunities are implicated, the trial court must insist on heightened pleading by the plaintiff. See Schultea v. Wood,* 47 F.3d 1427 (5th Cir. 1995) (*en banc*) (a § 1983 action); *see generally Parkulo v. West Virginia Board of Probation and Parole*, [199 W. Va. 161, 483 S.E.2d 507] [(1996)]. To be sure, we recognize the label "heightened pleading" for special pleading purposes for constitutional or statutory torts involving improper motive has always been a misnomer. A plaintiff is not required to anticipate the defense of immunity in his complaint, *Gomez v. Toledo*, 446 U.S. 635, 640, 100 S. Ct. 1920, 1923-24, 64 L. Ed. 2d 572 (1980), and, under the West Virginia Rules of Civil Procedure, the plaintiff is required to file a reply to a defendant's answer only if the circuit court exercises its authority under Rule 7(a) to order one. We believe, in cases of qualified or statutory

1

immunity, court ordered replies and motions for a more definite statement under Rule 12(e) can speed the judicial process. Therefore, the trial court should first demand that a plaintiff file "a short and plain statement of his complaint, a [statement] that rests on more than conclusion[s] alone." *Schultea v. Wood*, 47 F.3d [1427,] [ ] 1433 [5th Cir. 1995]. Next, the court may, on its own discretion, insist that the plaintiff file a reply tailored to an answer pleading the defense of statutory or qualified immunity. The court's discretion not to order such a reply ought to be narrow; where the defendant demonstrates that greater detail might assist an early resolution of the dispute, the order to reply should be made. Of course, if the individual circumstances of the case indicate that the plaintiff has pleaded his or her best case, there is no need to order more detailed pleadings. If the information contained in the pleadings is sufficient to justify the case proceeding further, the early motion to dismiss should be denied.

*Hutchison v. City of Huntington*, 198 W. Va. 139, 149-50, 479 S.E.2d 649, 659-60 (1996) (emphasis added). *Accord Portee v. City of Mount Hope*, No. 17-0546, 2018 WL 3203157, at *2 (W. Va. June 29, 2018) (memorandum decision) (" '[I]n civil actions where immunities are implicated, the trial court must insist on heightened pleading by the plaintiff.' *Hutchison*, 198 W. Va. at 149, 479 S.E.2d at 659.' "); *W. Va. Dep't of Educ. v. McGraw*, 239 W. Va. 192, 196 n.5, 800 S.E.2d 230, 234 n.5 (2017) ("In *Hutchison v. City of Huntington*, 198 W. Va. 139, 149-50, 479 S.E.2d 649, 659-60 (1996), we stated that when a defendant's answer pleads the defense of governmental immunity, the circuit court should order the plaintiff to file a reply tailored to the defendant's immunity defense. ... Ms. McGraw's original complaint provided scant detail of the basis of her constitutional tort claim against the DOE, and consequently, she filed two amended complaints in the course of the proceedings before the circuit court. Had the circuit court required Ms. McGraw to file a reply to the DOE's motion to dismiss pleading qualified immunity, it might have assisted an early resolution to this dispute."); *W. Va. Bd. of Educ. v.*

2

*Croaff*, No. 16-0532, 2017 WL 2172009, at *3 (W. Va. May 17, 2017) (memorandum decision) (" 'In civil actions where immunities are implicated, the trial court must insist on heightened pleading by the plaintiff.' *Hutchison*, 198 W. Va. at 149, 479 S.E.2d at 659."); *W. Va. Bd. of Educ. v. Marple*, 236 W. Va. 654, 660, 783 S.E.2d 75, 81 (2015)

*W. Virginia Reg'l Jail & Corr. Facility Auth. v. Est. of Grove*, 244 W. Va. 273, 281, 852 S.E.2d 773, 781 (2020) (emphasis in original). *See also W. Virginia State Police, Dep't of Mil. Affs. & Pub. Safety v. J.H. by & through L.D.*, 244 W. Va. 720, 736, 856 S.E.2d 679, 695 (2021) ("[T]his Court consistently has found that matters involving qualified immunity also require a "heightened pleading standard."); *Gable v. Gable*, 245 W. Va. 213, 222 n.6, 858 S.E.2d 838, 847 n.6 (2021) ("We believe that in civil actions where immunities are implicated, the trial court must insist upon heightened pleading by the plaintiff.").

In her reply brief, Petitioner maintained that she did not have to meet a heightened pleading standard because her complaint did not implicate statutory immunities. Specifically, she alleged that "[b]ecause Respondent's conduct involved a discretionary governmental function, Respondent was not entitled to qualified immunity." The majority correctly agreed with Petitioner that statutory immunity was not implicated in this case and, thus, the heightened pleading standard did not apply. Had the majority ended its analysis with this finding, I would concur with the majority opinion in its entirety. However, the majority inexplicably and unnecessarily proceeds to analyze the complaint

3

under the heightened pleading standard and finds that it would meet such standard. In this regard, I must depart from the reasoning of the majority.

It is unclear why the majority, having found that the heightened pleading standard was inapplicable in this case, proceeded to analyze whether the complaint would have met such standard had it been applicable. Perhaps this analysis resulted from the concern previously expressed that we are "slowly but surely releasing [heightened pleading] from its prior constraints." *Boone v. Activate Healthcare, LLC*, 245 W. Va. 476, 859 S.E.2d 419 (2021) (Wooton, Justice, dissenting). However, the majority found, and I agree, that statutory immunity was not implicated here and heightened pleading was not necessary in this case. Accordingly, there was no need to wade into the "what if" scenario and analyze the complaint under a standard that we had already determined was not applicable. This is particularly true in light of the fact that, in applying such inapplicable standard, the majority ventured from its sound analysis of the Complaint under the proper standard and reached a conclusion that I believe was incorrect.

A plain reading of the entirety of the complaint demonstrates that if heightened pleading was necessary, this complaint would likely not meet that standard. The complaint is a conclusory and barebones complaint that, in my opinion, falls short of providing sufficient allegations to meet the heightened pleading standard. I previously wrote:

4

As recently as November 2020, this Court held, in *West Virginia Regional Jail and Correctional Facility Authority v. Grove*, 244 W. Va. 273, 852 S.E.2d 773 (2020), that "[c]ases implicating immunity ... are subject to a somewhat heightened pleading standard. That is, plaintiffs 'should supply in their complaints or other supporting materials greater factual specificity and particularity than is usually required.' " (Internal quotations omitted). The Respondents have simply failed to meet the pleading standard set forth in Rule 12(b) of the West Virginia Rules of Civil Procedure, much less the heightened pleading standard discussed in *Grove*.

*C.C. v. Harrison Cty. Bd. of Educ.*, 245 W. Va. 594, 614, n.1, 859 S.E.2d 762, 782 n.1 (2021) (Armstead, Justice concurring, in part, and dissenting, in part). Had such standard been applicable here, the insufficiency of the complaint would have warranted either dismissal or, at the very least, application of the requirement outlined in *Hutchison* that the circuit court demand Petitioner file a "short and plain statement" of her complaint that "rests on more than conclusion[s] alone." *See Hutchison*, 198 W. Va. at 50, 479 S.E.2d at 660.

Therefore, I concur with the judgment of the Court that the complaint does not implicate qualified immunity. I dissent as to the unnecessary finding that the complaint would have satisfied a heightened pleading standard.